12 CV 8979

JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
JOHN CLEMENTE, :
:
           Plaintiff, :
:
    vs. : Civil Action No.
:
POSILLICO, INC., : **COMPLAINT**
:
: **JURY TRIAL DEMANDED**
           Defendant. :
:
------------------------------------------------------------- x

DEC 10 2012

Sarah Fern Meil
67 Bridge Street
P.O. Box 145
Milford, NJ 08848
Phone: (908) 995-7320
Fax: (609) 228-4307
sarahfern@sfmesq.com
*Attorney for Plaintiff John Clemente*

## COMPLAINT

Plaintiff John Clemente initiates this Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff John Clemente is an individual and citizen of the United States of America. He is domiciled in New Jersey.

2. Defendant Posillico, Inc. ("Posillico") is a corporation. Posillico's principal place of business is in Farmingdale, New York.

## JURISDICTION AND VENUE

3. The court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because most of the events giving rise to the claims alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

5. Mr. Clemente has had a long and distinguished career as a safety professional working on construction sites. He is licensed by the City of New York as a Site Safety Manager.

6. In May 2012, Mr. Clemente began working for Posillico as an Area Safety Manager on construction projects. In his job as an Area Safety Manager, Mr. Clemente was responsible for identifying safety deficiencies on job sites and ensuring that any such deficiencies were promptly corrected.

7. In or around July 2012, Mr. Clemente received his first performance evaluation at Posillico. Mr. Clemente's boss, Paul McKinney, told him that he was doing a great

job and had a promising future with the company.

8. In or around July 2012, Mr. Clemente reported to Posillico management that there were significant fall dangers present on some job sites. Laborers were working at heights higher than six feet without any fall protection equipment. These conditions violated OSHA regulations (29 C.F.R. 1926.501). Posillico's violation of these OSHA regulations presents a substantial and specific danger to public health and safety because workers may be seriously injured in falls from unprotected sites.

9. In or around July 2012, Mr. Clemente also documented an improper excavation at a site known as PSAC II. The excavation did not meet OSHA requirements because Type C soil had been "benched" instead of "sloped." These conditions violated OSHA regulations (29 C.F.R. 1926.652). Posillico's violation of OSHA regulations presents a substantial and specific danger to public health and safety. When Mr. Clemente objected to the method of excavation at the site, the foreman told him that "all [he] does is present problems."

10. On or about October 1, 2012, Mr. Clemente also documented a safety hazard at the PSAC II site involving road plates that were not properly supported per OSHA regulations. These conditions violated OSHA regulations (29 C.F.R. Subpart P, Appendix C). Posillico's violation of these OSHA regulations presents a substantial and specific danger to public health and safety because motor vehicle operators may be put in grave danger by unsafe temporary roadways. Upon information and belief, the road safety hazard identified by Mr. Clemente was not corrected.

11. On or about October 1, 2012, Posillico demoted Mr. Clemente from Area Safety

Manager to Safety Manager. Posillico told him the reason for his demotion was that the company "did not like [his] approach to safety."

12. Posillico replaced Mr. Clemente with a former superintendent named Angelo Occhiograsso. Mr. McKinney had previously told Mr. Clemente that Mr. Occhiograsso was a longtime employee of Posillico, made a lot of money for the company and did not have the "mindset of a safety professional." Mr. McKinney also told me Clemente that he had informed the owner of Posillico (Joe Posillico III) that Mr. Occhiograsso should not be a safety manager.

13. Mr. Clemente had previously inspected Mr. Occhiograsso's projects on a number of occasions and had documented numerous dangerous safety conditions, including fall hazards and missing guardrails. When Mr. Clemente had pointed out these deficiencies to Mr. Occhiograsso, he was generally ignored. When Mr. Clemente contacted Mr. McKinney to tell him there was an immediate danger to life and health due to the fall hazards, Posillico upper management responded by accusing Mr. Clemente of being unable to work with Mr. Occhiograsso.

14. On or about October 9, 2012, Mr. Clemente discovered that two of the employees working on a project to which he had been assigned did not have the appropriate OSHA course completion cards mandated by N.Y.C. Admin. Code § 28-110(20) (Site Safety Plans). Posillico's violation of N.Y.C. Admin. Code § 28-110(20) presents a substantial and specific danger to public health and safety.

15. After discovering that Posillico's site safety plan was not in compliance with New York City Law, Mr. Clemente contacted Posillico Area Vice President Joe Sheehan

4

and objected to the two employees remaining on site until without producing the required OSHA course completion cards.

16. After objecting to Posillico's violation of N.Y.C. Admin. Code § 28-110(20), Mr. Clemente was told by Posillico project superintendent Jaime Lijo that he needed to "bend" the rules. Mr. Clemente responded that as a licensed site safety manager, he was not permitted to "bend" safety regulations that were written in black and white.

17. After telling Mr. Lijo that he was not permitted to violate the rules where site safety and the laws of the City of New York were concerned, Mr. Clemente received a call from Mr. Sheehan informing him that he needed to "bend."

18. At least one of the workers who did not possess the proper OSHA certification pursuant to N.Y.C. Admin. Code § 28-110(20) remained on the job over Mr. Clemente's objections.

19. On or about October 17, 2012, less than two weeks after he objected to and refused to participate in Posillico's blatant violation of laws designed to protect the public health and safety, Mr. Clemente was fired.

20. Posillico informed Mr. Clemente that his employment was being terminated because he was a "poor communicator." In reality, Mr. Clemente was terminated because he *clearly communicated* to Posillico management things they did not want to hear about violations of public health and safety regulations at job sites.

21. Posillico fired Mr. Clemente because he refused to disregard laws established by the Occupational Safety and Health Administration ("OSHA") and the City of New York to protect the public health and safety.

## CAUSE OF ACTION

## New York Labor Law § 704 – Retaliatory Discharge

22. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

23. By the acts and practices described above, Defendant violated New York Labor Law § 704.

24. Defendant's actions caused harm to Plaintiff including economic loss, damage to his reputation and career, pain and suffering, severe emotional distress and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant, for:

A. Reinstatement;

B. Back pay and front pay;

C. Compensatory damages;

D. Consequential damages;

E. Punitive damages;

F. Interest, prejudgment and postjudgment;

G. Costs of suit;

H. Attorneys fees;

I. Equitable relief;

J. Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION – NO OTHER ACTIONS

Plaintiff, by his attorney, hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. Plaintiff further certifies that he has no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and that he is not aware of any other parties who should be joined in this action.

Dated: November 28, 2012

Sarah Fern Meil
67 Bridge Street
P.O. Box 145
Milford, NJ 08848
Phone: (908) 995-7320
Fax: (609) 228-4307
sarahfern@sfmesq.com
*Attorney for Plaintiff John Clemente*